## SAGEBRUSH SALES COMPANY, Petitioner,

### v.

### Richard C. STRAUSS et al., Respondents.

### No. C–99.

Supreme Court of Texas.

June 24, 1981.

Rehearing Denied July 22, 1981.

Thomas P. Earls, Dallas, for petitioner.

Jackson, Walker, Winstead, Cantwell & Miller, Jack Pew, Dallas, for respondents.

PER CURIAM.

Sagebrush Sales Company sued Crawford-Strauss Properties, Inc., Crawford-Strauss Properties, Strauss Investments,

---

Strauss Investments, Inc. and Richard C. Stauss to recover the balance due for goods and materials used in construction of apartments in San Antonio. The trial court rendered judgment on a jury verdict against all defendants for the principal sum owing plus prejudgment interest and attorneys' fees. The Court of Civil Appeals affirmed the trial court judgment against Crawford-Strauss Properties, Inc., but reversed the judgment and rendered judgment that Sagebrush Sales Company take nothing against the other defendants. 598 S.W.2d 1. The Court of Civil Appeals taxes all costs one-half against Crawford-Strauss Properties, Inc., and one-half against Sagebrush Sales Company. Crawford-Strauss Properties, Inc. failed to file a motion for rehearing with the Court of Civil Appeals. We granted Sagebrush Sales Company's application for writ of error and, after hearing oral argument, reversed the judgment of the Court of Civil Appeals and remanded the cause to that court for consideration of defendants' factual insufficiency points. 605 S.W.2d 857.

On remand, the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for further development of the evidence as to the legal status of the various entities sued by Sagebrush and what control, if any, that Richard C. Strauss exercised over those entities. It held the evidence adduced at trial was factually insufficient to establish that Crawford-Strauss Properties, Stauss Investments, and Strauss Investments, Inc. were the alter egos of Richard C. Strauss. In addition, the Court of Civil Appeals taxed all costs against Sagebrush Sales Company.

While we express no opinion on the factual insufficiency points over which we have no jurisdiction, the general remand by the Court of Civil Appeals was contrary to *Forrest v. Hanson*, 424 S.W.2d 899 (Tex.1968). When Crawford-Strauss Properties, Inc. failed to file a motion for rehearing, the Court of Civil Appeals judgment disposing of its rights and claims was final. *Forrest v. Hanson, supra* at 905. *See also* Rule 503, Tex.R.Civ.Pro. This includes the taxing of costs one-half against Crawford Strauss Properties, Inc. and one-half against Sagebrush Sales Company.

Pursuant to Rule 483, Tex.R.Civ.Pro., we grant the application for writ of error and, without oral argument, reform the judgment of the Court of Civil Appeals to remand the cause only as to Crawford-Strauss Properties, Strauss Investments, Strauss Investments, Inc. and Richard C. Strauss. The costs of the first appeal are taxed one-half against Crawford-Strauss Properties, Inc. and one-half against Sagebrush Sales Company. As reformed, the judgment of the Court of Civil Appeals is affirmed.

RAY, J., not sitting.